## HOWE v. LARKIN et al.

### (Circuit Court, D. Rhode Island. January 20, 1903.)

### No. 2,643.

**1. LANDLORD AND TENANT—COVENANT FOR RENEWAL OF LEASE—UNCERTAINTY.**

A covenant in a lease by which the lessor agreed to renew at the expiration of the term for a stipulated rental, "subject to certain covenants, provisos, and agreements to be decided upon at that time between the said parties, not embodying in said agreement for a further lease any of the conditions or agreements contained in this present lease," is void for uncertainty.

At Law. On demurrer to declaration.

John W. Sweeney, for plaintiff.
Walter B. Vincent, for defendant.

BROWN, District Judge. This action is for breach of a covenant contained in a lease of a hotel in Westerly, R. I., known as the "Larkin House." The principal question raised by demurrer is whether the covenant in question is void for uncertainty. As each count makes specific reference to a copy of the lease brought into court by the plaintiff, it is unnecessary to make distinctions between the counts. Certain of the counts purport to set forth the substance of the covenant, but in so doing omit any express reference to material parts thereof. The plaintiff's case cannot be aided by such omission, since the omission is supplied by reference in each count to the copy of the lease. The covenant is as follows:

"And at the expiration of the term aforesaid the said lessor agrees to make, execute, and deliver to the said lessee a new and fresh lease of said demised premises, provided the same are not sold, for a further period and term of five years, at the rate and price of five thousand dollars ($5,000.00) for each year, and under and subject to certain covenants, provisos, and agreements, to be decided upon at that time, between the said parties, not embodying, in said agreement for a further lease, any of the conditions or agreements contained in this present lease."

I am of the opinion that this covenant is void for uncertainty, since, while it expressly negatives a present agreement that the new lease shall contain the conditions and agreements of the old, it contains nothing upon which even a conjecture can be based as to what covenants, provisos, and agreements are intended by the parties to be included in the new lease. It is a mere agreement to make an agreement upon undefined subject-matter. Upon this view, it is unnecessary to consider the remaining questions.

Demurrer sustained on the fourth ground.